UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JEFFERY MICHAEL TODD,<br><br>Defendant. | Case No. 1:19-cr-00029-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Defendant Jeffery Michael Todd's Motion for Early Termination of Supervised Release. Dkt. 3. The Government has filed an opposition to the Motion and the matter is ripe for the Court's consideration. Dkt. 4. Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). For the reasons set forth below, the Court finds good cause to DENY Todd's Motion.

## II. BACKGROUND

Todd pled guilty to one count of receipt of child pornography, a violation of 18 U.S.C. § 2252(a)(2). Dkt. 1, at 1; 1–3; 3, at 1. On December 2, 2014, the Court sentenced Todd to seventy-two months imprisonment to be followed by twenty-five years of

supervised release. Dkt. 1-1; 3, at 1–2. Todd completed his term of incarceration, and on November 16, 2018, began his term of supervised release. Dkt. 3, at 1; 4, at 1. Todd has now served roughly thirty months of his twenty-five-year term of supervised release and requests early termination under 18 U.S.C. § 3583(e)(1). Dkt. 3, at 1.

### III. LEGAL STANDARD

Under 18 U.S.C. § 3583(e), supervised release may be terminated any time after one year, pursuant to the applicable rules of criminal procedure, where a court determines such action is warranted by the conduct of the defendant released and the interest of justice; however, the court must also consider 18 U.S.C. § 3583(k) which states "any offense under section . . . 2252, 2252A" must include a supervised release of no less than five years or life.[1] 18 U.S.C. § 3583(e)(1), (k); *United States v. Daniels*, 541 F.3d 915, 921–24 (9th Cir. 2008); *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014) (holding district courts retain broad discretion in determining whether to grant a motion to terminate supervised release).

In making this determination of no less than five years of probation in cases involving minor victims, the court considers certain factors set forth in 18 U.S.C § 3553(a) including: (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need to afford adequate deterrence to criminal conduct, protect the

---

[1] The court may "modify or reduce the conditions of supervised release at any time" such that "it is possible for [a defendant] to receive relief in the form of a reduced or modified term of supervised release." *Gunderson v. Hood*, 268 F.3d 1149, 1153 (9th Cir. 2001); *see United States v. Dillon*, 2014 WL 4071675, at *2 (N.D. Cal. Aug. 18, 2014) (denying motion to terminate supervised release where defendant had only completed nine months of supervision).

public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and sentencing range established for the defendant's crimes; (4) pertinent policy statements issued by the United States Sentencing Commission; (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (6) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3583(e) (citing § 3553(a)(1–7)); *United States v. Weber*, 451 F.3d 552, 557–58 (9th Cir. 2006).

Furthermore, it is defendant's burden to establish he is entitled to the rarely granted remedy of early termination of supervised release. *United States v. Emmett*, 749 F.3d at 824 (citing *Weber*, 451 F.3d at 559 n.9)). This burden is usually accomplished by alerting the court to "unforeseen" or "changed circumstances" that implicate its initial sentencing decision and analysis. *Emmett*, 749 F.3d at 824 (citing *United States v. Miller*, 205 F.3d 1098, 1101 (9th Cir. 2000)). Also, a defendant must point to "exceptionally good behavior" that renders a previously imposed sentence inappropriate or too harsh. *Id.* at 823 n.2. However, mere compliance with supervision terms is insufficient grounds to find early termination of supervised release. *Id.*

## IV. DISCUSSION

Todd represents that he has complied with the conditions of his release, maintains a residence, has fully paid restitution, obtained a bachelors degree in business administration and psychology followed by a masters in business administration and a masters in business analytics, has received a victim's advocate certificate, founded and operates a non-profit

to aid military veterans, attends counseling with a sex offender treatment program, and has become a father figure to his fiancée's son. Dkt. 3, at 35.

The Government opposes the Motion. Dkt. 4. In its opposition to Todd's motion, the Government argues Todd has not met the standard of unforeseen or changed circumstances to warrant early termination of his supervised release. *Id.* at 2–3. Furthermore, the Government has shown Todd has only served thirty months of this twenty-five-year supervised release.[2] *Id.* at 3. Additionally, both Todd and the Government stipulate that the defendant has complied with all terms of his supervision. *Id.* at 5; 4, at 2. However, the Government contends the seriousness of Todd's offense[3] under § 3553(a)(1) "weighs heavily against early termination" and upholding the sentence would promote respect for the law, "provide just punishment," and "afford adequate deterrence" under § 3553(a)(2) & (B). Dkt. 4, at 2–3. Finally, the Government argues that Todd must serve a mandatory minimum of five years of supervised release under § 3583(k) before the Court even considers a request for early termination. Dkt. 4, at 3.

Having reviewed the relevant factors discussed in § 3583(e), (k); § 3553(a)(1–7); Todd's filings; the Government's response; and the record herein, the Court denies the Motion. The nature and circumstances of the offense and the history and characteristics of Todd do not warrant early termination at this time. Furthermore, Todd has served only

---

[2] *United States v. Haymond*, 139 S. Ct. 2369, 2379–80 (2019) (citing *Johnson v. United States*, 529 U.S. 694, 700 (2000) (holding that supervised release punishments stem from and are "part of the penalty for the initial offense.")); *United States v. Soto-Olivas*, 44 F.3d 788, 790 (9th Cir. 1995).

[3] Todd plead guilty to receipt of child pornography with substantial amounts of explicit material falling under 18 U.S.C. § 2252(a)(2). Dkt. 1, at 1; 1¬3; 3, at 1; 4, at 2.

thirty months of his supervised release which does not meet the mandatory five year minimum required under § 3583(k). The Court congratulates Todd on his success in complying with his release conditions, reintegrating into his community, his academic success with two bachelors degrees and a masters degree, his work aiding other veterans, and his successful relationship with his fiancée.[4] However, given the record in this case; the nature of the charges; the basis for the original sentencing; and Todd's history and characteristics, the Court finds neither the circumstances of this case nor the interests of justice warrant early termination under § 3583(e). Todd is encouraged to continue making good decisions, working to better his community through strong family ties and his work with veterans, and complying with the terms and conditions of his release.

## V. ORDER

NOW THEREFORE IT IS HEREBY ORDERED that:

1. Todd's Motion for Early Termination of Supervised Release (Dkt. 3) is **DENIED**.

DATED: June 25, 2021

David C. Nye
Chief U.S. District Court Judge

---

[4] One of Todd's arguments in favor of release is his desire to take a more active role in his stepson's life. The Government indicates this alone is insufficient to warrant early termination, but also that it is willing to work with Todd and discuss a modification to the terms of his supervised release to accomplish this goal.